**WO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV 11-01105-GMS-JRI |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Company, et al., | |
| Defendants. | |

Plaintiff Christopher Stoller, who is confined in the Lake County Adult Corrections Facility, in Waukegan, Illinois, filed a *pro se* Complaint asserting fraud claims and violations of his constitutional rights under 42 U.S.C. § 1983 with a *pro se* motion to proceed *in forma pauperis*, which was not on this District's court-approved form. (Doc. 1.) In an Order filed on July 25, 2011, this Court denied Plaintiff's *in forma pauperis* motion with leave to file a new *in forma pauperis* application within 30 days using this District's required form. (Doc. 9.) On August 3, 2011, Plaintiff filed a motion for injunctive relief, a notice of interlocutory appeal concerning the denial of his *in forma pauperis* motion, and a motion for leave to appeal *in forma pauperis*. (Doc. 10, 11, 12.) The Court denied Plaintiff's motion for leave

to proceed *in forma pauperis* on appeal as not taken in good faith. (Doc. 16.) By separate order, the Court also denied Plaintiff's motion for injunctive relief. (Doc. 17.)

Plaintiff has filed a second interlocutory appeal concerning the denial of injunctive relief. (Doc. 20.) He has also filed a motion for leave to proceed *in forma pauperis* in that appeal and a motion for stay pending appeal. (Doc. 21, 22.) Both of those motions will be denied and the Court will certify that his interlocutory appeals are not taken in good faith.

### I. Plaintiff's Motion to Appeal *In Forma Pauperis*

Plaintiff asks the Court to grant him *in forma pauperis* status on his second interlocutory appeal. (Doc. 20.) Rule 24(a)(1) of the Federal Rules of Appellate Procedure requires a party who desires to proceed *in forma pauperis* on appeal to file a motion in the district court which includes an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court will deny Plaintiff's second motion to proceed *in forma pauperis* on appeal because he has not fully complied with Rule 24(a)(1) of the Federal Rules of Appellate Procedure and because the Court finds that this interlocutory appeal is not taken in good faith. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Court will direct the Clerk of Court to immediately notify Plaintiff and the Ninth Circuit Court of Appeals of this denial.

### II. Motion for Stay

Plaintiff also seeks a stay of these proceedings pending his interlocutory appeals on the basis that this Court is divested of jurisdiction. As relevant here, the federal courts of appeal have jurisdiction over appeals from interlocutory orders denying injunctive relief. 28 U.S.C. § 1292(a)(1). This Court's denial of Plaintiff's motion for injunctive relief was an order immediately appealable. See id. The Court is, therefore, divested of jurisdiction as to that order and Plaintiff's motion for stay is moot to that extent.

Plaintiff also filed an interlocutory appeal from the denial of his motion to proceed *in*

*forma pauperis*. An order otherwise not appealable "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). Thus, absent a stay, an appeal seeking review of collateral orders does not deprive a court of jurisdiction over other proceedings in the case and an interlocutory order does not ordinarily deprive a district court of jurisdiction except as to the matters that are the subject of the appeal. Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). Thus, "'where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal.'" Long Beach Area Chamber of Commerce v. City of Long Beach, 603 F.3d 684, 691 (9th Cir. 2010) (quoting Britton, 916 F.2d at 1411); see Ruby v. Sec'y of the Navy, 365 F.2d 385, 388 (9th Cir. 1965); see also Montes v. United States, 37 F.3d 1347, 1350 (9th Cir. 1994) (dismissal of complaint with leave to amend is not final appealable order).

This Court's denial of Plaintiff's motion to proceed *in forma pauperis* – with leave to file a new *in forma pauperis* application using this District's approved form – was an "order *not otherwise appealable*." 28 U.S.C. § 1292(b) (emphasis added). Thus, Plaintiff's interlocutory appeal of that order does not operate as a stay of proceedings. Plaintiff has articulated no basis for staying this action as to matters unrelated to his motion for injunctive relief. Because his motion for stay is moot as to his interlocutory appeal of the denial of his motion for injunctive relief and he fails to articulate a basis for a stay as to other proceedings in this case, Plaintiff's motion for stay will be denied.

**III.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**IT IS ORDERED**:

(1)     Plaintiff's motion for leave to appeal *in forma pauperis* is **denied**. (Doc. 21.)

(2)     Plaintiff's motion for stay pending appeal is **denied**. (Doc. 22.)

(3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that Plaintiff's interlocutory appeals, doc. 15 and 20, are not taken in good faith.

DATED this 10th day of August, 2011.

                                                    G. Murray Snow
                                                  United States District Judge