# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV 11-01105-GMS-JRI |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Company, et al., | |
| Defendants. | |

Several motions are pending before the Court in this matter. For the reasons discussed below, those motions will be denied and this case dismissed.

## I. Background

Plaintiff Christopher Stoller, who was then confined in the Lake County Adult Corrections Facility, in Waukegan, Illinois, filed a *pro se* Complaint asserting fraud claims and violations of his constitutional rights under 42 U.S.C. § 1983 with a *pro se* motion to proceed *in forma pauperis*.[1] (Doc. 1.) Plaintiff failed to use this District's court-approved form. (Id.) In an Order filed on July 25, 2011, this Court denied Plaintiff's *in forma pauperis* motion with leave to file a new *in forma pauperis* application within 30 days using

---

[1] In filings in another action, Bank of New York Mellon v. Ribadeneira, CV11-1765-PHX-GMS, Plaintiff in this case, Christopher Stoller, indicated that he had been convicted and transferred to the Dixon Correctional Center, doc. 13. He has not filed a notice of change of address in this case, nor apparently filed a notice of change of address with the Ninth Circuit Court of Appeals.

1  this District's required form. (Doc. 9.) On August 3, 2011, Plaintiff filed a motion for
2  injunctive relief, a notice of interlocutory appeal concerning the denial of his *in forma*
3  *pauperis* motion, and a motion for leave to appeal *in forma pauperis*. (Doc. 10, 11, 12.) This
4  Court denied Plaintiff's motion for leave to proceed *in forma pauperis* on appeal as not taken
5  in good faith. (Doc. 16.) By separate order, the Court also denied Plaintiff's motion for
6  injunctive relief. (Doc. 17.) Plaintiff filed a second interlocutory appeal concerning the
7  denial of injunctive relief and he also filed a motion for leave to proceed *in forma pauperis*
8  in that appeal and a motion for stay pending appeal. (Doc. 21, 22.) In an Order filed on
9  August 10, 2011, those motions were denied and this Court certified that Plaintiff's
10 interlocutory appeals were not taken in good faith. (Doc. 27.)

On October 5, 2011, the Ninth Circuit Court of Appeals dismissed Plaintiff's first interlocutory appeal for lack of jurisdiction. (Doc. 60.) The Ninth Circuit denied Plaintiff's motion to proceed *in forma pauperis* on appeal finding that the appeal "appear[ed] to be frivolous." Stoller, No. 11-16967 (9th Cir. Sept. 13, 2011). On November 7, 2011, the Ninth Circuit dismissed Plaintiff's second interlocutory appeal for failure to pay the docketing/filing fees in the case. Id. (9th Cir. Nov. 7, 2011).

During the pendency of Plaintiff's interlocutory appeals, both parties have filed motions or other filings. One such matter is a judicial misconduct complaint filed by Plaintiff concerning the undersigned, which the Court construes as a motion to recuse. For the reasons discussed below, Plaintiff's motion to recuse will be denied. Further, because Plaintiff has failed to comply with the Court's July 25, 2011 Order, doc. 9, the remaining motions will be summarily denied and this action dismissed for failure to comply with Court orders.

**II.    Motion to Recuse**

As stated above, Plaintiff has filed a motion for recusal against the undersigned. Plaintiff complains that the Court has failed "to remand the Defendants for the pejorative comments made against [him] in their briefs." (Doc. 47 at 1.) Specifically, Plaintiff cites the

Defendants' repeated references to him as a vexatious litigant when he has not been found to be such by any court. Plaintiff also complains that Defendants' pejorative statements about him have triggered bouts of depression. Plaintiff otherwise faults the Court for denial of various motions filed by him, citing 28 U.S.C. §§ 144, 351, and 455.

As an initial matter, the Court considers whether recusal in this matter pursuant to 28 U.S.C. § 455 is appropriate. Section 455(a) provides that a United States judge or magistrate judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself, where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an *extra*-judicial source, not from conduct or rulings during the course of the proceedings. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046 (9th Cir. 1987), aff'd, 496 U.S. 543 (1990); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Plaintiff fails to allege or show any basis for recusal under § 455. Rather, he complains of this Court's rulings, or the perceived failure to rule, on Defendants' characterizations of Plaintiff in filings in this, and other, cases in which Plaintiff has appeared. As discussed above, that is not a basis upon which the Court's impartiality might *reasonably* be questioned for purposes of § 455(a). Moreover, the Court does not have a personal bias or prejudice concerning Plaintiff or other potential parties to this action or personal knowledge of disputed evidentiary facts concerning this proceeding. The Court

1 therefore finds that recusal is not warranted pursuant to § 455.

2 Plaintiff also appears to seek disqualification of the Court under 28 U.S.C. §§ 144 and 351. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a *timely and sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

In this case, Plaintiff has not filed a "timely and sufficient affidavit." He merely faults the undersigned for failing to order the Defendants to cease referring to him by what he perceives as pejorative terms. That is not a basis supporting disqualification pursuant to § 144.

Finally, section 351(a) provides that:

> Filing of complaint by any person.– Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with *the clerk of the court of appeals for the circuit* a written complaint containing a brief statement of the facts constituting such conduct.

28 U.S.C. § 351(a). Plaintiff's complaint was not filed with the clerk of the court of appeals for the Ninth Circuit. Accordingly, to the extent that Plaintiff seeks relief pursuant to § 351(a), he failed to properly file his complaint.

Plaintiff has not alleged facts or shown that the Court has a personal bias or prejudice concerning Plaintiff or other parties to this action or personal knowledge of disputed evidentiary facts concerning this proceeding. Plaintiff also has not filed a timely and sufficient affidavit that supports that this Court has a personal bias or prejudice against him

or in favor of other parties to this case. Finally, his judicial complaint is not properly before this Court to the extent that he brings pursuant to 28 U.S.C. § 351(a). The Court therefore finds that neither recusal, nor disqualification are warranted and Plaintiff's complaint of judicial misconduct, construed as a motion for recusal or disqualification, will be denied.

**III. Remaining Motions**

Several motions remain pending. The Court will dismiss this action and deny these motions as moot.

In its July 25, 2011 Order, the Court informed Plaintiff of the following:

> When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).
>
> If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

(Doc. 9 at 1-2.)

Because Plaintiff failed to use this District's approved form or to provide the statutorily required information, the Court denied Plaintiff's motion to proceed *in forma pauperis*, but granted him 30 days in which to either pay the $350.00 filing fee or file an Application to Proceed *In Forma Pauperis* using the court-approved form. (Id.) The Court explicitly informed Plaintiff that the failure to either pay the $350.00 filing fee or to file an Application to Proceed *In Forma Pauperis* using the court-approved form would result in the dismissal of this case without prejudice. (Id.)

Plaintiff has neither paid the filing fee nor submitted the court-approved form

Application to Proceed *In Forma Pauperis* for use by inmates. Instead, on September 14, 2011, Plaintiff filed a document captioned "Judicial Notice" in which he asserts that the "appropriate officer of the Lake County Jail would not sign the *in forma pauperis* form" and jail policy prevents inmates from making photocopies. (Doc. 52.) Even assuming jail officials refused to provide a six month inmate account statement or to complete the account certification, Plaintiff has failed to complete and file his portion of this District's approved *in forma pauperis* application. Plaintiff's contention that jail officials refuse to allow inmates to make photocopies is not credible in light of Plaintiff's voluminous filings in this, and other, cases while incarcerated. Because Plaintiff has failed to pay the filing fee or to file an Application to Proceed *In Forma Pauperis* on this District's approved form, the Court will dismiss this action without prejudice and deny the remaining motions as moot.

**IT IS ORDERED**:

(1) Plaintiff's motion to recuse is **denied**. (Doc. 47.)

(2) Pursuant to the Order filed on July 25, 2011, the Clerk of Court must enter a judgment of **dismissal** of this action without prejudice.

(3) The parties' pending motions are **denied**. (Doc. 19, 32, 33, 34, 39, 40, 49.)

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 7th day of November, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge