**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Christopher Stoller,                   )   No. CV 11-01105-PHX-GMS-JRI
       Plaintiff,                    )
                                           )   **ORDER**
vs.                                    )
                                           )
Bank of New York Mellon Trust, et al., )
       Defendants.                   )

On November 7, 2011, the Court dismissed this action without prejudice after Plaintiff failed to either pay the $350.00 filing fee or to file an Application for Leave to Proceed *In Forma Pauperis* using the court-approved form for prisoners. (Doc. 63.) On November 16, 2011, Plaintiff filed a motion for reconsideration and a motion to proceed *in forma pauperis*. (Doc. 70, 71.)

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

In its July 25, 2011 Order, the Court informed Plaintiff of the following:

> When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).
>
> If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

(Doc. 9 at 1-2.)

Because Plaintiff failed to use this District's approved form or to provide the statutorily-required information, the Court denied Plaintiff's motion to proceed *in forma pauperis*, but granted him 30 days in which to either pay the $350.00 filing fee or file an Application to Proceed *In Forma Pauperis* using the court-approved form. (Id.) The Court explicitly informed Plaintiff that the failure to either pay the $350.00 filing fee or to file an Application to Proceed *In Forma Pauperis* using the court-approved form would result in the dismissal of this case without prejudice. (Id.)

Plaintiff neither paid the filing fee nor submitted the court-approved form *in forma pauperis* application for use by inmates. Instead, on September 14, 2011, Plaintiff filed a document captioned "Judicial Notice" in which he asserted that the "appropriate officer of the Lake County Jail would not sign the *in forma pauperis* form" and jail policy prevented inmates from making photocopies.[1] (Doc. 52.) As the Court stated in its Order dismissing this case,

---

[1] Plaintiff was subsequently transferred to the Dixon Correctional Center in Dixon, Illinois. (Doc. 67.)

1
2
3
4
5

> Even assuming jail officials refused to provide a six month inmate account statement or to complete the account certification, Plaintiff has failed to complete and file his portion of this District's approved *in forma pauperis* application. Plaintiff's contention that jail officials refuse to allow inmates to make photocopies is not credible in light of Plaintiff's voluminous filings in this, and other, cases while incarcerated. Because Plaintiff has failed to pay the filing fee or to file an Application to Proceed *In Forma Pauperis* on this District's approved form, the Court will dismiss this action without prejudice . . . .

6  (Doc. 63 at 6.)

7         Plaintiff has not alleged or shown that the Court clearly erred or that dismissal was
8  manifestly unjust. Further, he has not presented newly discovered evidence or cited an
9  intervening change in controlling law. Moreover, although Plaintiff filed another motion to
10 proceed *in forma pauperis*, including a partially complete court-approved *in forma pauperis*
11 application, Plaintiff failed to have prison officials certify the amount in his inmate account
12 or to submit an inmate trust account statement from prison officials. In short, even if the
13 Court were inclined to grant reconsideration, Plaintiff has not submitted a properly completed
14 *in forma pauperis* application by a prisoner. Under these circumstances, both of Plaintiff's
15 motions will be denied.

16        **IT IS ORDERED**:

17        (1)    Plaintiff's motions for reconsideration and to proceed *in forma pauperis* are
18 **denied**. (Doc. 70, 71.)

19        (2)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
20 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this
21 decision would not be taken in good faith.

22        DATED this 3rd day of January, 2012.

                             /s/ A. Murray Snow
                            G. Murray Snow
                            United States District Judge